STATE OF CONNECTICUT *v.* CLAYMON WHITAKER
(5459)

BORDEN, SPALLONE and O'CONNELL, Js.

Argued October 13—decision released November 17, 1987

*David M. Abbamonte,* for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of

attempted escape from custody in violation of General Statutes §§ 53a-49 and 53a-171 (a).

The sole question presented on appeal is whether the trial court erred when it stated, as a preamble to its recharge to the jury concerning the defense of abandonment, that it was "probably a minor point." We find no error.

The defendant was being held in the cellblock area of the courthouse of the Fairfield judicial district at Bridgeport. Late in the afternoon of November 12, 1985, the defendant, along with two other prisoners, attacked, assaulted and injured the deputy sheriffs assigned to guard them. The sheriffs' keys were taken from them and the sheriffs were then locked in a cell. The defendant and his companions attempted in vain to use the keys taken from the sheriffs to open the cell doors leading from the lockup. Ultimately, when other officers arrived on the scene, the defendant and his confederates threw down the keys and ceased their efforts to escape. During this escapade, two of the deputy sheriffs suffered severe and painful injuries including a broken nose in one instance, and a broken rib in another. The defendant was subsequently tried before a jury for the crimes of attempted escape and four counts of assault on a peace officer. He was found guilty of attempted escape, and of two of the counts of assault on a peace officer, but was acquitted of the remaining two counts of assault. This appeal involves only the defendant's conviction of attempted escape from custody.

In its initial charge, the court instructed the jury that any of the defendant's acts tending to prove abandonment and renunciation had to occur prior to any acts which constituted an attempt to escape. The defendant excepted to this charge and, upon reflection, the court reinstructed the jury, informing the panel that

an abandonment and renunciation could occur after the defendant had taken substantial steps towards the completion of the act with the necessary intent.[1] During its preliminary remarks, while recharging the jury, the court stated: "Ladies and Gentlemen, I spent a good part of the evening at the library last night because I was concerned about a—what I think was a minor point—but nevertheless I like to be accurate." The court then gave the corrected charge, consisting of six pages of transcript. The transcript of the entire jury instruction, including the original charge, the supplemental charge and an answer to a jury question, consists of fifty pages.

The defendant claims that, despite the fact that the court fully recharged the jury correctly on the defense of abandonment and renunciation, the court's use of the phrase, "probably a minor point," is reversible error. We disagree.

As stated above, the entire jury instruction amounted to some fifty pages, while the challenged language was only a few words which, if not trivial, were innocuous. We must look to the charge *as a whole* in determining whether it is adequate and it will be deemed so if it is "legally correct and present[s] the case to the jury in a just and fair manner." *State* v. *Candito,* 4 Conn. App. 154, 160, 493 A.2d 250 (1985). See also *State* v. *Piskorski,* 177 Conn. 677, 746, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979). A party is not entitled to a charge which is "beyond criticism in every particular"; *State* v. *Harman,* 198 Conn. 124, 134, 502 A.2d 381 (1985), quoted in *State* v. *Knighton,* 7 Conn. App. 223, 231, 508 A.2d 772

---

[1] General Statutes § 53a-49 provides in pertinent part: "(c) When the actor's conduct would otherwise constitute an attempt . . . it shall be a defense that he abandoned his effort to commit the crime or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

(1986); and "[a] charge is not to be critically dissected in a search for inexact or inadvertent statements." *State* v. *Brown,* 199 Conn. 14, 27, 505 A.2d 690 (1986); *State* v. *Torrence,* 196 Conn. 430, 436, 493 A.2d 865 (1985). Our review of the entire charge fails to support the defendant's contention that the charge did not present the case to the jury in a just and fair manner.

There is no error.

In this opinion the other judges concurred.