566 A.2d 764

John Franklin FAIRBANKS, Jr.

v.

STATE of Maryland.

No. 54, Sept. Term, 1989.

Court of Appeals of Maryland.

Dec. 6, 1989.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for petitioner & cross-respondent.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for respondent & cross-petitioner.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and CHARLES E. ORTH, Jr., (Associate Judge of the Court of Appeals of Maryland, retired, Specially Assigned), JJ.

MURPHY, Chief Judge.

John Franklin Fairbanks, Jr. was charged in the Circuit Court for Baltimore County with burglary in violation of the common law and Maryland Code (1982 Repl.Vol.), Article 27, § 30(a) (Count 1); misdemeanor breaking and entering in violation of § 31A (Count 2); felony daytime housebreaking in violation of § 30(b) (Count 3); and theft in violation of § 342 (Count 4).

On the evening of February 7, 1987, a dwelling house owned by Ralph Ray and his wife was forcibly entered and property belonging to the owners was stolen. At the trial, a taxi driver testified that on February 8, at approximately 3:30 or 4:00 a.m., he picked up a man and drove him to an apartment complex. The man thereafter requested that the driver take him to his disabled car, which was stuck in the mud near the crime scene. The driver stood by while his passenger unsuccessfully attempted to free the vehicle. The taxi driver then called for a tow truck.

A tow truck operator testified that he picked up a man whom he later identified as Fairbanks, at a taxi stand around 5:00 a.m. He said he drove Fairbanks to his disabled car and pulled it out of the mud. The witness said that the disabled car was full of "things." He testified that once the vehicle was free, it was discovered that a tire was flat. Fairbanks decided not to have the tire changed at that time, and the tow truck operator left Fairbanks with his disabled vehicle.

Another witness testified that Fairbanks arrived at an inn a short distance from the scene of the crime around 7:30 a.m. on February 8. The witness, after agreeing to change Fairbanks's flat tire, left him at the inn and went to Fairbanks's disabled car. He testified that in and around the car he saw jewelry and a jewelry box.

A police officer testified that at approximately 8:00 a.m., he observed a man changing a tire on a disabled car near the crime scene. In and around the vehicle, he observed a television set, jewelry, a pillow case spilling over with various items and other pieces of property. Later on the morning of February 8, 1987, the officer located Fairbanks at the inn. He said that Fairbanks admitted having thrown a brick through a window of the house but denied any knowledge of the property that had been found in and near his car. There was evidence showing that a number of the items in Fairbanks's car were stolen from the Ray dwelling house.

Fairbanks presented no evidence in his own behalf. Before the case was submitted to the jury, the prosecutor entered a nolle prosequi to Counts 2 and 4. Fairbanks objected to the nolle prosequi of the misdemeanor breaking and entering charge (Count 2). He argued that he had a right to have that lesser included offense submitted to the jury. The trial judge overruled the objection, stating that the prosecutor had an absolute right to enter the nol-pros. He said that he would permit Fairbanks to argue to the jury that Count 2 was a lesser included offense of burglary, even though the jury would not be permitted to convict on this count because it had been nol-prossed. Fairbanks made no argument to the jury that it could find him guilty of Count 2. Nor did he request a jury instruction with respect to the lesser included nol-prossed count. The jury convicted Fairbanks of burglary and, as a subsequent offender, he was sentenced to twenty-five years' imprisonment.

The Court of Special Appeals affirmed the conviction by an unreported opinion dated March 15, 1989. It held, *inter alia,* that the entry of the nolle prosequi was generally within the sole discretion of the prosecutor. We granted certiorari to consider whether, in light of *Hook v. State,* 315 Md. 25, 553 A.2d 233, decided on February 13, 1989 (after the trial in this case), it was error for the trial judge to have

overruled Fairbanks's objection to the entry of the nolle prosequi to Count 2.

## I.

In *Hook*, we held that while entry of a nolle prosequi is generally within the prosecutor's sole discretion, that power is not absolute. We explained, 315 Md. at 43–44, 553 A.2d 233:

"When the defendant is plainly guilty of some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser included offense, it is fundamentally unfair under Maryland common law for the State, over the defendant's objection, to *nol pros* the lesser included offense. . . . In short, it is simply offensive to fundamental fairness, in such circumstances, to deprive the trier of fact, over the defendant's objection, of the third option of convicting the defendant of a lesser included offense."

The defendant in *Hook* was charged with the murder of two persons and related offenses. At the close of the evidence, the State entered a nolle prosequi to all counts but first degree premeditated murder. Evidence was presented at trial that Hook was intoxicated at the time the murders were committed; thus, a determination by the jury that he was so intoxicated as to lack the capacity to entertain a specific intent would have precluded a conviction of first degree premeditated murder. Consequently, the defendant objected to the nolle prosequi of the lesser included offense of second degree murder, arguing that he had a right to have the jury consider that lesser offense. We determined that there was evidence which supported a charge of second degree murder. We found that with the unequivocal evidence that Hook had murdered two persons, the entry of the nolle prosequi left the jury with the "Hobson's choice" to either convict Hook of first degree murder or return a verdict of not guilty. *Id.* at 38, 553 A.2d 233. Thus, we concluded that the entry of the nolle prosequi which removed the lesser included offense of second degree murder

from consideration by the jury enhanced the risk of an unwarranted conviction and denied the defendant a fair trial.

In a similar vein, we said in *Hagans v. State*, 316 Md. 429, 453, 559 A.2d 792, decided June 30, 1989:

"Although the lesser included offense doctrine developed at common law largely for the benefit of the prosecution, it may now also be invoked by the defendant. In *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), the Supreme Court indicated that not allowing the defendant the right to request an instruction on a lesser included offense might violate the Due Process Clause of the Fifth Amendment of the United States Constitution. And in *Beck v. Alabama, supra,* 447 U.S. 625, 100 S.Ct. 2382, 654 L.Ed.2d 392, the Court held that before the imposition of the death sentence, the jury must be allowed to consider a lesser included offense if the evidence warrants it." (Citations omitted.)

## II.

That misdemeanor breaking and entering under § 31A is a lesser included offense of common law or statutory burglary is not disputed. The State also concedes, and we agree, that the evidence before the jury was legally sufficient to convict Fairbanks of either burglary or the lesser included offense of misdemeanor breaking and entering. In this regard, we note that the greater offense of burglary, unlike the lesser offense, contains as an element that the breaking and entering be with a specific intent to steal. *See Warfield v. State*, 315 Md. 474, 554 A.2d 1238 (1989).

The entry of the nolle prosequi over the defendant's objection in this case foreclosed the possibility of a guilty verdict of less than burglary. The jury had the singular choice of convicting Fairbanks of burglary under Counts 1 or 3, or finding him not guilty of any crime. In the circumstances, we think the refusal of the trial court to permit the lesser included offense of misdemeanor breaking and entering to go to the jury was prejudicial error under

the fundamental fairness concepts delineated in *Hook* that deprived Fairbanks of a fair trial.

The State posits that Fairbanks did not properly preserve this issue for review. While recognizing that "at one point," Fairbanks appeared to have said that he wanted the jury to be able to find him guilty of the misdemeanor charge, the State maintains that the "real focus" of Fairbanks's argument was that he "should be allowed to argue about misdemeanor breaking and entering to the jury." The record discloses that Fairbanks, more than once, emphatically argued that he objected to the entry of the nolle prosequi because he wanted the misdemeanor breaking and entering count to go before the jury.

That Fairbanks did not request a jury instruction or present argument as to the lesser included offense does not distinguish this case from *Hook*. To argue to the jury that the defendant is guilty of a crime not before the jury for deliberation does not resolve, but may well exacerbate the dilemma of the jury. Because the principles of *Hook* apply in noncapital cases, 315 Md. at 43, 553 A.2d 233, we shall require that Fairbanks be afforded a new trial. As we stated in *Hook:*

"It is settled that the protection against double jeopardy generally does not limit the power of a competent tribunal to retry a defendant who has succeeded in getting his first conviction set aside on grounds other than the sufficiency of the evidence." *Id.* at 44, 553 A.2d 233.

It follows that Fairbanks may be retried on the burglary charge, which includes the nol-prossed counts.

JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR A NEW TRIAL CONSISTENT WITH THIS OPINION; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY, MARYLAND.