573 A.2d 44

**Derrick Wayne ECHOLS**

v.

**STATE of Maryland.**

**No. 1033, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

May 4, 1990.

Melissa M. Moore, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before ROSALYN B. BELL, KARWACKI and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

At a jury trial in the Circuit Court for Prince George's County, Derrick Wayne Echols, appellant, was convicted of distribution of cocaine. He was sentenced, pursuant to Maryland Code Ann. Art. 27, § 286(c),[1] to ten years' imprisonment without parole. He now appeals, alleging that the trial judge:

    1. Erred by refusing to permit the jury to consider, as

---

1. This section prescribes the penalties for subsequent narcotics offenders. The lower court indicated, on the commitment, that it was imposing a mandatory sentence pursuant to Art. 27, § 643B(c), which pertains to mandatory sentences for crimes of violence. Distribution of cocaine is not, however, a "crime of violence," as defined therein.

an alternative verdict, the lesser charge [2] of simple possession of cocaine;

2. Erred by denying a defense request for a mistrial; and

3. Erred by failing to provide a copy of the charging document to the jury in time for them to consider it in their deliberations.

Finding merit in none of these complaints, we will affirm.

## I.

The question we address first is whether the trial judge should have permitted the State to *nolle pros* the lesser charge of possession of cocaine. Before doing so, however, we set forth a brief summary of the facts.

The events which led to appellant's conviction began on the afternoon of July 15, 1988, when the Prince George's County police initiated a drug investigation. The investigation utilized several teams of police, including a surveillance team, a buy team, and an arrest team, and focused upon an area in which it was suspected that drug dealers were operating. The surveillance team, consisting of two plain clothes officers arrived first, parked, and observed. During their surveillance, they noticed that when drivers stopped at the corner, a group of men standing on the corner would approach and seem to engage the people in the cars in conversation. Appellant was one of that group.

Having concluded that what they observed were probably illegal drug sales, the surveillance team called in the buy team. When the buy team, also dressed in plain clothes, responded to the designated street corner, appellant and his companions approached its car, displaying pieces of cocaine, which they offered for sale. The buy team purchased a piece of cocaine from appellant and left. The arrest team was then notified and instructed to arrest appellant. As

---

2. Appellant's formulation of the issue refers to "lesser included offense", a term which, we will see, is inappropriate under the facts of this case.

that team entered the area, appellant entered a nearby van. The van was promptly surrounded, and appellant was eventually arrested. He was charged with, *inter alia,* distribution of cocaine and possession of cocaine. The indictment alleged that he and Brian Perry Norman distributed cocaine and that he, along with Norman and Calvin Lee Powell, possessed cocaine.

At trial, appellant denied selling cocaine. He admitted, however, that, while in the van, he and Brian Perry Norman and Calvin Powell had been smoking and, thus, had possessed cocaine.

Appellant moved for judgment of acquittal at the close of the State's case. Before he argued in support of the motion, *see* Md.Rule 4–324(a), the prosecutor stated her intention to, and, indeed, she did, *nolle pros* the possession count, among others, thus vitiating the necessity of argument on those counts. The only count remaining after the *nolle pros* was count one, distribution of cocaine.

Appellant claims that the State's *nolle pros* of the possession count was a denial of due process; through its use, he argues, the State precluded the jury from considering his guilt of possession of cocaine and forced it to consider only the more serious charge of distribution of cocaine. He relies on *Hook v. State,* 315 Md. 25, 553 A.2d 233 (1989).

In *Hook,* a capital case, the Court of Appeals ruled that, in the interest of "fundamental fairness", the State could not, over a defendant's objection *nolle pros* lesser included offenses. 315 Md. at 41–44, 553 A.2d 233. The Court extended this holding to non-capital cases, 315 Md. at 43, 553 A.2d 233, and reiterated it in *Fairbanks v. State,* 318 Md. 22, 566 A.2d 764 (1989). In *Fairbanks,* the defendant was charged with a burglary as well as the lesser included misdemeanor of breaking and entering. The Court held that, where the evidence supported a conviction under the lesser count, the defendant, by objecting, could preclude the State from *nolle prossing* the misdemeanor and submitting only the felony to the jury. Three weeks after *Fairbanks*

was filed, we decided *Kinder v. State*, 81 Md.App. 200, 567 A.2d 172 (1989). Explicating *Hook* and *Fairbanks*, we held that, to invoke the right to forbid entry of a *nolle pros*, a defendant must timely object. 81 Md.App. at 209, 567 A.2d 172.

The factual context of *Hook*, as well as the Court's analysis, are instructive. Hook was charged with and, indeed, admitted murdering two persons and committing related offenses. During the trial, evidence was presented which tended to prove that Hook was intoxicated when the murders were committed; consequently, there was evidence from which the jury "could have reasonably found that Hook was so intoxicated as to lack the capacity to entertain the specific intent necessary to commit premeditated murder." 315 Md. at 41, 533 A.2d 233. Notwithstanding and despite appellant's objection to the *nolle pros* of the lesser included offense of second degree murder, the State *nolle prossed*, at the close of the evidence, all counts except first degree murder. The court's instructions to the jury explained only first degree murder—premeditated and felony. It refused to instruct as to second degree murder or to permit defense counsel to argue that issue to the jury. The court did, however, instruct the jury of the possible effect of voluntary intoxication on the formulation of the specific intent first degree murder requires.

Having been convicted of first degree murder and sentenced to life imprisonment, Hook appealed. The Court of Appeals reversed, finding the *nolle pros* of the second degree murder charge to have denied Hook a fair trial. It explained:

> When the defendant is plainly guilty of some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser included offense, it is fundamentally unfair under Maryland common law for the State over the defendant's objection, to *nol pros* the lesser included offense.... In short, it is simply offensive to fundamental fairness, in such circumstances, to deprive the trier of fact, over the

defendant's objection, of the third option of convicting the defendant of a lesser included offense. 315 Md. at 43–44, 533 A.2d 233.

The court explained "fundamental fairness" as "essential to the very concept of justice; justice must satisfy the appearance of justice." 315 Md. at 36, 533 A.2d 233. Moreover, "in order to declare a denial of [fundamental fairness, the reviewing court] must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial...." 315 Md. at 36–37, 533 A.2d 233, quoting *Crawford v. State*, 285 Md. 431, 452, 404 A.2d 244 (1979). Whether a particular exercise by the prosecutor of the right to *nolle pros* contravenes fundamental fairness is a matter which must be evaluated on a case-by-case basis. *Id.* 315 Md. at 37, 533 A.2d 233.

In *Fairbanks*, as we have seen, the accused was charged with burglary and the lesser included misdemeanor of breaking and entering. The charges were based upon the discovery, in or around Fairbanks's car, of property stolen from a home into which someone had broken and entered. Fairbanks denied stealing the property but did admit throwing a brick through the window of the house. Under those circumstances, the Court of Appeals, applying the fundamental fairness concept set out in *Hook*, held that the State's *nolle pros* of the breaking and entering charge denied Fairbanks a fair trial. It explained:

> That misdemeanor breaking and entering under § 31A is a lesser included offense of common law or statutory burglary is not disputed. The State also concedes, and we agree, that the evidence before the jury was legally sufficient to convict Fairbanks of either burglary or the lesser included offense of misdemeanor breaking and entering. In this regard, we note that the greater offense of burglary, unlike the lesser offense, contains as an element that the breaking and entering be with a specific intent to steal. *See Warfield v. State*, 315 Md. 474, 554 A.2d 1238 (1989).

The entry of the nolle prosequi over the defendant's objection in this case foreclosed the possibility of a guilty verdict of less than burglary. The jury had the singular choice of convicting Fairbanks of burglary under Counts 1 or 3, or finding him not guilty of any crime. In the circumstances, we think the refusal of the trial court to permit the lesser included offense of misdemeanor breaking and entering to go to the jury was prejudicial error under the fundamental fairness concept delineated in *Hook* that deprived Fairbanks of a fair trial.

318 Md. at 26–27, 566 A.2d at 784.

Faced with the State's *nolle pros* of the possession count, the following colloquy between appellant's counsel and the court occurred:

MR. SOBANSKY [Appellant's counsel]: Your Honor, I think at this point this has set me up with a situation in that I believe the jury, if properly instructed on a simple possession count, would be justified in returning a mere simple possession.

However, due to the technical breaches by the State, in including Mr. Powell in that, I believe they have been forced to make a decision to Nolle Prosse that, and I would like to have at least an instruction on a lesser included offense of simple possession with respect to count one.

THE COURT: You are saying that the court should not accept the Nolle Prosse to the fourth count, and that it should remain as a lesser included offense or that the court should inject it back into the case.

MR. SOBANSKY: That would be the fifth count, your Honor, the lesser included count.

THE COURT: *The fifth count should come back in as a lesser included offense?*

MR. SOBANSKY: *Yes, your Honor.*

THE COURT: Giving the jury the alternate of distribution or simple possession of cocaine.

MR. SOBANSKY: Because there is evidence, and my client freely admits that he was in possession of cocaine *in the van,* and he was smoking cocaine with Mr. Norman, but the question is whether he ever distributed the cocaine, and I believe that that is a jury question, because it goes to my alternatives and my arguments and I believe that they can so find, and if they do not have the lesser included— [3] (Emphasis added)

After further discussion, during the course of which the State was permitted to state its position, the Court ruled:

The court is of the opinion that your argument is definitely good in certain instances.

If you had an assault with intent to use a deadly weapon or one of those crimes, and there was an underlying assault charge that the State Nolle Prossed it would take out the essential element of the crime, the assault, and would only leave the deadly weapon part, and that would just sit there by itself, and the court would have to grant it.

But in this case the simple possession that the court is going to rule is not a lesser included offense, and that the court will, for the defendant, make an instruction that there is a crime, and describe what the crime of possession is, as different from the crime of distribution, and then indicate to the jury that they are not trying him for possession, and if that is all they can find, then they have got to acquit him, if the defendant desires such an instruction, but I agree with Ms. Fruchter, we will get into that when we get down to instructions.

\*    \*    \*    \*    \*    \*

For the record, I am going to deny that motion. . . .

As a threshold matter, appellant acknowledges that, below, his counsel's objection to the entry of the *nolle pros*

---

[3]. While, at first blush it may appear that appellant sought a lesser included offense instruction in connection with Count I, counsel's later comments make clear that he was referring only to the charged count.

was on the basis that "it was a jury question whether appellant was only in possession of cocaine, as he had admitted, or whether he had also distributed cocaine based on the evidence presented." From that premise, he argues that the basis for the court's ruling—that the possession count was not a lesser included offense of distribution—was error, citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), specifically, its pronouncement and explanation of the "required evidence" test. *Hankins v. State*, 80 Md.App. 647, 658, 565 A.2d 686 (1989) and *Hawkins v. State*, 77 Md.App. 338, 348–49, 550 A.2d 416 (1988). Concluding that the crime of possession is a lesser included offense of the crime of distribution and that the evidence in the record supports the possession charge, appellant argues, relying on *Hook*, that it was reversible error for the court to refuse to prohibit the State's *nolle pros* of the possession count and, further, to refuse to instruct the jury on that offense.[4]

Like the State, we see it somewhat differently.

Possession of cocaine ordinarily is undoubtedly a lesser included offense of distribution of cocaine. The act of distribution necessarily requires that the distributor, at the very least, have constructive possession of the cocaine he or she distributes. What happened here, however, is that appellant was not charged with possession of cocaine in that context. According to the State's evidence, the distribution of cocaine occurred on the street when appellant, along with

---

**4.** As promised, the court instructed the jury concerning the crime of possession:

> Now ladies and gentlemen, there is a crime in the State of Maryland to simply possess a controlled dangerous substance, unless you are an authorized medical doctor, researcher or veterinarian, and for you and I, other than the purposes of this trial, because you have seen cocaine here in the courtroom, Ms. Fruchter is not guilty of the crime of possession of cocaine, because of the purposes of this trial, but if we were not in this setting and we possessed that cocaine, someplace else, that is the crime of possession of cocaine which is a controlled dangerous substance.
> That is not what you are trying today....

The court then proceeded to instruct concerning distribution.

a group of other men, approached the buy team's car. Appellant, on the other hand, consistent with other State's evidence, admitted possessing, *i.e.* smoking, cocaine in the van in which he was riding, but emphatically denied selling cocaine to the undercover officer. Thus, the possession alleged and charged was distinct and separate from the distribution.

The State rejoins that, for two reasons, appellant was not deprived of a fair trial. First, it maintains that "[i]nasmuch as Echol's objection to the *nol pros* was grounded upon a theory *other* [than] the lesser-included offense analysis of *Hook,* he cannot be heard to rely on the latter argument on appeal." (Emphasis in original) Essential to this argument is the recognition that appellant's admission to possession of cocaine in the van necessarily excluded the possibility that his possession was in connection with the distribution, which appellant specifically denied. The State relies upon *Von Lusch v. State,* 279 Md. 255, 261, 368 A.2d 468 (1977) and *Kinder,* 81 Md.App. at 209, 567 A.2d 172, to support its position.

Secondly, the State suggests that the court's instruction gave appellant "largely" what he sought insofar as having the jury understand his position vis-a-vis the possession of cocaine charge, *i.e.,* that he possessed cocaine only in the van, as opposed to possessing it preliminarily to distributing it to the officers. Moreover, the State maintains that no exception was taken to the instructions as given by the court,[5] and, therefore, that appellant was satisfied with those instructions.

---

5. In *Kinder,* we pointed out that, because a *nolle pros* is an abandonment of the charge, withdrawing the charge from the case and, thus, from consideration by the trier of fact, which precludes the trier of fact from entering a conviction on it, its entry "makes any question as to instructions or argument on the lesser offense superfluous; if, under the circumstances of the case, there is a fundamental unfairness in withdrawing from the trier of fact the middle option of convicting on a lesser offense, it is the *nol pros* that creates the unfairness." 81 Md.App. at 207, 567 A.2d 172.

■ The State is correct, the facts *sub judice* do not fit within the *Hook's* lesser included offense scenario. The distribution count, as we have seen, alleged distribution by appellant and Norman, while the possession count alleged possession by appellant, Norman, and Powell. The possession count, therefore, as charged, is not a lesser included offense of the distribution count. The possession which is lesser included to distribution was not charged explicitly.

And the State is also correct, appellant's argument below was not a lesser included offense argument as contemplated by *Hook*. Although appellant acknowledged possessing cocaine, that acknowledgment was as to a different time and place than that alleged by the State to prove distribution. Since the admission was as to possession both spacially and temporally different from the time and place of the distribution charge, it was not, and it simply could not have been, an admission to possessing the cocaine which was the subject of the distribution charge. Moreover, the State *nolle prossed* only count five of the indictment; it did not, either expressly or by implication, *nolle pros* the possession which necessarily precedes a distribution.

In point of fact, count five, the possession count, in the context of this case, is a lesser, separate, as opposed to included, offense of distribution. Since this is so, does the rule enunciated in *Hook* and its progeny apply to preclude, upon an accused's objection, the State from *nolle prossing* a lesser, separate offense which is fairly supported by evidence in the record? The answer to that question is straightforward and simple: *Hook,* by its express terms, mandates a negative response.[6]

---

6. In candor, the rationale on which *Hook* rests gives rise to an interesting and somewhat difficult policy issue. The extent to which a prosecutor's right to *nolle pros* is free from judicial control or should be subjected to restraint, is, *Hook* makes clear, dependent upon whether its exercise is fair or unfair, that is, whether it results in an injustice. 315 Md. at 36, 553 A.2d 233. Moreover, where the right to a fair trial conflicts with the prosecution's exercise of the right to *nolle pros* charges, the right to a fair trial prevails. *Id.,* citing and quoting

*Crawford v. State,* 285 Md. 431, 451, 404 A.2d 244 (1979). Thus, the Court in *Hook* declared:

> We believe that under the concept of fundamental fairness with respect to a trial in a criminal cause, the broad authority vested in a prosecutor to enter a nolle prosequi may be fettered in the proper circumstances. A case-by-case evaluation is necessary.

315 Md. at 37, 553 A.2d 233. Furthermore, the explanation for the Court's characterization of the *nolle prossing* of lesser included offenses as fundamentally unfair is found in its reference to *Keeble v. United States,* 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973), *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 2387, 65 L.Ed.2d 32 (1980), *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982), and *Spaziano v. Florida,* 468 U.S. 447, 454, 104 S.Ct. 3154, 3159, 82 L.Ed.2d 340 (1984). Its gist, in the words of *Keeble,* upon which the other cases build, is: "Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." (Emphasis in original) 412 U.S. at 213, 93 S.Ct. at 1998. In short, fundamental fairness requires eliminating "the distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice...." *Spaziano,* 468 U.S. at 455, 104 S.Ct. at 3159.

Under some circumstances, the *nolle prossing* of lesser, separate offenses may present a fundamental fairness issue at least equal to, if not greater than, that presented in *Hook* and *Fairbanks.* The facts *sub judice* are illustrative. Here, the State charged appellant with both distribution and, though not lesser included, possession of cocaine. Moreover, it produced evidence tending to establish both offenses: One of its witnesses testified that appellant was in the van smoking cocaine with him and others and, hence, in possession of cocaine. Appellant admitted that he was. To be sure, other evidence was produced tending to establish that appellant distributed cocaine and indeed, it was that aspect of the case upon which the State primarily relied. There was, therefore, evidence supportive of both charges. The jury could have resolved the credibility issue inherent in the first count, distribution, in favor of appellant, but found, based upon appellant's admission and the other evidence on the issue, that he possessed cocaine. The evidence thus supported an instruction, not only on distribution of cocaine, but on possession of cocaine as well. As in the case of the lesser included offense scenario, the jury was faced with the same all-or-nothing proposition that *Hook* found objectionable.

Should the *Hook* rationale apply to lesser, separate offenses, defendants and their counsel should be aware of an undesirable aspect of successfully objecting to their nolle pros. Unlike the case of a lesser included offense, where the defendants' only exposure is the statutorily mandated sentence for the greater offense, should the jury return guilty verdicts on the greater offense as well as the lesser, separate one, absent the applicability of the rule of lenity, *see Dillsworth v. State,* 308 Md. 354, 361, 519 A.2d 1269 (1987); *Johnson v. State,* 56 Md.App. 205, 215, 467 A.2d 544 (1983), *cert. denied,* 299 Md. 136, 472

■  Because the State did not *nolle pros,* and appellant did not request an instruction on the lesser included possession charge, the court did not err in refusing to give it. Unless a party requests an instruction fairly supported by the evidence, but not fairly covered by other instructions, one need not be given. *See* Maryland Rule 4–325(c); *Mack v. State,* 300 Md. 583, 592, 479 A.2d 1344 (1983), *Landsdowne v. State,* 287 Md. 232, 238–39, 412 A.2d 88 (1980). Indeed, in this case, as we have seen, the court did give an instruction on possession; thus, appellant actually received more than that to which he was entitled.

## II.

■  Appellant was also charged with conspiring with Brian Perry Norman unlawfully to distribute cocaine. At the end of its case, the State *nolle prossed* that count. Objecting, appellant's counsel stated:

"Your Honor, I would move for judgment of acquittal and move to dismiss due to what I feel has been misconduct on the part of the State.

We have a situation here where my client was charged with a conspiracy count, and with a possession with intent to distribute count in consort with one Calvin Lee Powell. The State has produced no evidence and no credible evidence that they even had any probable cause to believe that Mr. Powell had any relationship to my client at any point throughout this situation.

It has greatly affected my approach to this case. I have had to inquire into things regarding Mr. Powell that I would not normally have had to inquire about if it hadn't been for the presence of Mr. Powell in those counts, and I think due to that, your Honor, I would move for a mistrial."

---

A.2d 999 (1984), the defendant may receive separate sentences, where, indeed, may be ordered served consecutively.

As noted, the conspiracy count named Brian Perry Norman, not Calvin Powell, as appellant's co-conspirator. As also noted earlier, Norman testified for the State. Appellant vigorously cross-examined him.

Despite his reference to Powell in the lower court,[7] appellant argues on appeal that he was irreparably prejudiced by the court allowing the State to elicit testimony from Norman that he saw appellant sell cocaine, to which he did not object and, in fact, pursued during cross, for tactical reasons, and, subsequently, to nolle pros the conspiracy charge. Consequently, he maintains that it was error for the court to deny his motion for mistrial.

Whether, and under what circumstances, to grant a mistrial is a matter addressed to the discretion of the trial court. *Guesfeird v. State*, 300 Md. 653, 658, 480 A.2d 800 (1984). Its exercise of discretion will be reversed only when it has been shown to have resulted in clear prejudice to the accused. *Wilhelm v. State*, 272 Md. 404, 429, 326 A.2d 707 (1974). We perceive no abuse in the case *sub judice*.

We are not prepared, as a threshold matter, to presume that counsel did not say precisely what he intended. If he did, it is obvious that his argument did not mandate a mistrial. Moreover, Maryland Rule 4–253(c) provides:

(c) *Prejudicial Joinder.*—If it appears that any party will be prejudiced by the joinder for trial of counts, charging documents, or defendants, the court may, on its own initiative or on motion of any party, order separate trials of counts, charging documents or defendants, or grant any other relief as justice requires.

Its purpose is to prevent prejudice to the accused. *Epps v. State*, 52 Md.App. 308, 316, 450 A.2d 913, *cert. denied*, 294 Md. 622 (1982). Appellant did not move to sever the counts he now suggests were prejudicial. Thus, assuming that appellant was referring to Norman, the court still did not

---

7. Appellant asserts that, since there was but one conspiracy count and that count named Norman, it is obvious that his reference to Powell was a slip of the tongue and that he was clearly referring to Norman.

abuse its discretion. It was free to take into account appellant's failure to move for severance as well as the fact that the instructions actually given did not highlight the matter alleged to be prejudicial.

### III.

■ Finally, appellant argues that a mistrial should have been granted because the charging document was not given to the jury prior to its verdict being rendered. Appellant relies on Maryland Rule 4–326(a), which provides:

(a) *Items Taken to Jury Room.*—Jurors may take notes regarding the evidence and they may keep the notes with them when they retire for their deliberations. Unless the court for good cause orders otherwise, the jury may also take the charging document and exhibits which have been admitted into evidence, except that a deposition may not be taken into the jury room without the agreement of all parties and the consent of the court. Electronically recorded instructions or oral instructions reduced to writing may be taken into the jury room only with the permission of the court. On request of a party or on the court's own initiative, the charging documents shall reflect only those charges on which the jury is to deliberate. The court may impose safeguards for the preservation of the exhibits and the safety of the jurors.

There was, and is, no dispute with respect to the applicability of the Rule. Indeed, the court agreed to submit the indictment to the jury during its deliberations. It ordered, however, consistent with the Rule, *see Sherman v. State,* 288 Md. 636, 642, 421 A.2d 80 (1980), that, before submitting it, the "dead counts" be deleted. Appellant did not object to the deliberations beginning before the redacted indictment was given to the jury. Nor did he object to the instructions actually given the jury. And he does not complain of any unnecessary delay in the redaction process. This issue has arisen only because the jury reached its verdict, in appellant's view, too quickly. That is not a basis

for mistrial. Accordingly, the court did not abuse its discretion when it denied appellant's motion for one.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.