574 A.2d 928

**Michael Anthony TAYLOR**

**v.**

**STATE of Maryland.**

**No. 1605, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

June 7, 1990.

Brian L. Oliner, Greenbelt, for appellant.

Margaret M. Schweitzer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Mary Ellen Barbera, Asst. Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Argued before MOYLAN, WILNER and CATHELL, JJ.

WILNER, Judge.

The evidence in this case, submitted to a jury in the Circuit Court for Prince George's County, showed that appellant was driving southbound on U.S. Route 301 at a high rate of speed, that he was weaving in order to pass other vehicles, that he failed to slow down or stop for a red light at the intersection of Brandywine Road, and that, as a result, he slammed into a car driven by one Howard Johnson with such force as to kill Mr. Johnson.

In a six-count indictment, appellant was charged with manslaughter by automobile (Count 1), reckless driving

(Count 2), negligent driving (Count 3), failure to obey a traffic control device (Count 4), failure to control speed to avoid a collision (Count 5), and unreasonable speed (Count 6). At the conclusion of the evidence and after the court denied appellant's motion for judgment of acquittal, the State, over appellant's objection, entered a *nolle prosequi* to Counts 2, 5, and 6, leaving the jury to ponder only manslaughter, negligent driving, and failure to stop for the light. The jury found him guilty of all three of those offenses, whereupon the court merged the two lesser offenses into the greater and entered judgment on the manslaughter conviction.

In this appeal, appellant makes four complaints, but we need address only two. We shall reverse for error in allowing the *nol pros* of the reckless driving charge but, because we believe that the evidence was sufficient to warrant a conviction for manslaughter, we shall remand for a new trial on that charge.

In *Hook v. State,* 315 Md. 25, 43–44, 553 A.2d 233 (1989), the Court of Appeals enunciated this principle:

"When the defendant is plainly guilty of some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser included offense, it is fundamentally unfair under Maryland common law for the State, over the defendant's objection, to *nol pros* the lesser included offense.... In short, it is simply offensive to fundamental fairness, in such circumstances, to deprive the trier of fact, over the defendant's objection, of the third option of convicting the defendant of a lesser included offense."

That principle was confirmed in *Fairbanks v. State,* 318 Md. 22, 566 A.2d 764 (1989) and commented on in *Kinder v. State,* 81 Md.App. 200, 567 A.2d 172 (1989); *Echols v. State,* 82 Md.App. 594, 573 A.2d 44 (1990); and *Jackson v. State,* 82 Md.App. 438, 572 A.2d 567 (1990). As we pointed out in *Kinder,* the *Hook* decision was reported in the advance sheets of the Maryland Reports on March 24, 1989, and thus, unlike the situation in *Kinder,* should have been

known, appreciated, and followed by the prosecutor and the court at the trial in this case, which occurred in July, 1989. In objecting to the *nol pros* of the reckless driving charge, defense counsel sufficiently articulated the basis of his objection: "Basically what they [are] trying to do is blackmailing [sic] the jury [by] saying, you have got do [sic] find him, if you think it is—he is more than negligent, you have to find gross negligence. You can't find the lesser, reckless."

The State does not suggest that reckless driving is not a lesser offense included within the manslaughter charged in Count 1. In seeking to sustain the court's allowance of the *nol pros*, it urges instead that appellant was not prejudiced and, because he was not prejudiced, that there was no fundamental unfairness. In presenting its defense in that way, it is arguing not *harmless* error, but *no* error. The defense is based on the assertion that, in the circumstances of this case, proof of reckless driving would also require a conviction of manslaughter, and so appellant really was not harmed by withdrawal of the reckless driving charge. We reject the major premise of this argument and therefore the conclusion as well.

Manslaughter by automobile is a statutory offense. Md. Ann.Code art. 27, § 388 states, in relevant part, that "[e]very person causing the death of another as the result of the driving, operation or control of an automobile ... in a grossly negligent manner, shall be guilty of a misdemeanor to be known as 'manslaughter by automobile....'" Case law holds that the element of "gross negligence," for purposes of this statute, requires the showing of a "wanton or reckless disregard for *human life*." (Emphasis added). *State v. Kramer*, 318 Md. 576, 590, 569 A.2d 674 (1990); *Hughes v. State*, 198 Md. 424, 432, 84 A.2d 419 (1951); *Duren v. State*, 203 Md. 584, 588, 102 A.2d 277 (1954); *Wasileski v. State*, 241 Md. 323, 324, 216 A.2d 551 (1966).

Reckless driving is also a statutory offense. Md.Transp. Code Ann. § 21–901.1(a) provides that a person is guilty of

reckless driving if he drives a motor vehicle "(1) In wanton or willful disregard for the safety of persons or property; or (2) In a manner that indicates a wanton or willful disregard for the safety of persons or property."

The contrast between the two offenses is evident. Although "wantonness" may be a common element, the object of the disregard is different. The disregard required under art. 27, § 388 must be "for human life." The disregard required under § 21–901.1(a) may be for less than that—for the "safety of persons or property." Moreover, § 21–901.1(a) does not require a finding that the defendant actually harbored a wanton or willful disregard but permits a conviction on a finding that his manner of driving "indicates" such a disregard. These may be subtle nuances, but they are not unimportant. As the Court observed in *State v. Kramer, supra,* 318 Md. at 590, 569 A.2d 674, to warrant a conviction under art. 27, § 388 for manslaughter by automobile,

> "[T]he evidence must be sufficient beyond a reasonable doubt to establish that the defendant was grossly negligent, that is, that he had a wanton or reckless disregard for human life in the operation of an automobile. It deals with the state of mind of the defendant driver. Only conduct that is of extraordinary or outrageous character will be sufficient to imply this state of mind. Simple negligence will not be sufficient—*even reckless driving may not be enough. Reckless driving may be a strong indication, but unless it is of extraordinary or outrageous character, it will ordinarily not be sufficient.*"

(Emphasis added.)

Appellant offered an explanation for his conduct; had it been able to do so, upon proper instructions and argument of counsel, the jury might well have found from that explanation that appellant's careless conduct amounted more to a wanton disregard of the property and safety of other persons than of their lives. It could, in other words, even apart from the prospect of a compromise verdict, have rationally convicted him of reckless driving without being

required to convict also of manslaughter. Prejudice *did* accrue, therefore, from the withdrawal of the reckless driving charge.

■ Appellant urges that the evidence established no more than simple negligence—speeding and failure to stop at a red light. We disagree. Speed, erratic driving, disregard of the red light, force of impact—all of these can be taken as evidence of wanton or reckless disregard of human life. *Boyd v. State,* 22 Md.App. 539, 323 A.2d 684 (1974); *State v. Kramer, supra,* 318 Md. 576, 569 A.2d 674.

JUDGMENT REVERSED; CASE REMANDED FOR NEW TRIAL; PRINCE GEORGE'S COUNTY TO PAY THE COSTS.