602 A.2d 255

**Noahvel Alonzo JOHNSON**

v.

**STATE of Maryland.**

**No. 901, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

March 3, 1992.

---

Michael R. Malloy, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

M. Jennifer Landis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Scott G. Patterson, State's Atty. for Talbot County, Easton, on the brief), for appellee.

Submitted before ROSALYN B. BELL, CATHELL and HARRELL, JJ.

ROSALYN B. BELL, Judge.

A jury in the Circuit Court for Talbot County convicted Noahvel Alonzo Johnson of theft of property worth more than $300, carrying a dangerous weapon openly with intent to injure, battery, and related counts. The trial judge sentenced him to 10 years for theft, five of which were suspended; three years for carrying a weapon openly with intent to injure, consecutive to the theft sentence; and two years for battery, consecutive to the theft and weapon sentences. The trial judge also placed Johnson on probation for five years. Johnson has appealed, contending the trial judge erred:

—by failing to instruct the jury that it could convict Johnson of theft under $300 instead of theft over $300;

—in finding the evidence was sufficient on the count of carrying a dangerous or deadly weapon openly with intent to injure; and

—in finding the evidence was sufficient on the remaining count.

As to the theft and weapon charges, we will reverse. With respect to the battery conviction, we will affirm.

On September 12, 1990, in Easton, Norwood Eaton saw a man pushing Eaton's moped bike out of Eaton's garage and across the driveway toward the street. Eaton testified that the man was approximately 15 to 18 years old. Eaton ran up to the man and told him to drop the moped. The man pushed the moped toward Eaton and struck Eaton in the chest with the handlebars. When Eaton started to pick up the moped, the man pulled out a knife and threatened Eaton with it. Eaton then abandoned the moped and went to a neighbor's home to call the police. The man left, taking the moped with him. Eaton testified that he paid $1,000 for the moped approximately two-and-one-half years before it was stolen.

Mohammed Kahn lived a few blocks away from Eaton. Kahn testified that, at about 5:00 p.m. on September 12, 1990, he saw a man pushing a moped down the street.

Thinking that the man might have run out of gas for the moped, Kahn went outside and offered to help. The man dropped the moped and ran. Kahn then called the police, who arrived on the scene a few minutes later. Kahn told the police that the man who dropped the moped was about 16 to 18 years old.

Eaton arrived shortly thereafter, took the moped home and placed it in his garage. At about 8:00 p.m., Eaton noticed that the door to his garage was propped open and the moped was gone.

An acquaintance of Johnson, Paul Wilson, testified that in mid-September 1990, he discussed with Johnson a moped that Johnson had. Wilson later took the moped to Cambridge to get it painted. Michael Elbert testified that, in late September 1990, he paid a man named "Paul Jones" $200 for a moped. Elbert registered the moped as his own. The Cambridge Police Department seized the moped as stolen property on October 4, 1990.

Detective Marshall Bailey, Jr. of the Easton Police Department testified that he put together an array of six photographs, including one of Johnson. Bailey showed the array to Eaton on October 22, 1990. Bailey testified that Eaton identified Johnson as the person who had initially taken his moped and threatened him with a knife.

## JURY INSTRUCTION ON THEFT UNDER $300

Appellant contends that the trial court erred in refusing to instruct the jury that it could convict appellant for theft under $300. He bases this argument on *Hook v. State*, 315 Md. 25, 553 A.2d 233 (1989). In that case, the Court of Appeals reversed Hook's first degree murder conviction, holding that the trial judge erred in allowing the prosecutor to enter a nolle prosequi on the lesser included offense of second degree murder. The Court of Appeals held that "fundamental fairness" required a limitation on the prosecutor's discretion to enter a nolle prosequi, so that the jury could consider lesser included offenses where the evidence was sufficient to generate the issue. This rule is required

to avoid placing a defendant in an "all or nothing" posture where it is clear that some offense had been committed, but the degree or magnitude of the offense is in controversy. *Hook*, 315 Md. at 34–42, 553 A.2d 233.

Appellant argues that, by not instructing the jury on the lesser included offense of theft under $300, the trial judge placed him in the same situation as Hook. Appellant's argument, while ultimately correct, relies, at least as to the factual predicate, on the wrong case. *Hagans v. State*, 316 Md. 429, 559 A.2d 792 (1989), not *Hook*, is the primary case governing our decision here. In view of the arguments raised, we will take this opportunity to explicate the principles of these two cases.

In *Hagans*, the Court of Appeals held that a defendant could be convicted of an uncharged, lesser included offense if the evidence presented in the case warranted such a conviction. *Hagans*, 316 Md. at 447–448, 559 A.2d 792. *Hagans* involved a trial judge's *sua sponte* decision, over the defendant's objection but with the prosecutor's acquiescence, to instruct the jury on a lesser included offense.[1] The Court of Appeals noted:

"The principle that a defendant, charged with a greater offense, can be convicted of an uncharged lesser included offense, has been adopted by virtually every jurisdiction in the United States which has passed upon the issue.

\* \* \* \* \* \*

"Since the rule permitting a conviction on an uncharged lesser included offense was well-established at common law, is accepted throughout the United States today, and generally promotes a just result in criminal cases, we shall adhere to it."

---

1. The Court of Appeals consolidated *Hagans* and another case, *Allen v. State*, for its opinion. The offenses involved in *Hagans* were burglary and attempted breaking and entering, while those in *Allen* were the same offenses at issue here, theft over $300 and theft under $300. In an exhaustive analysis, Judge Eldridge specifically reached the conclusion that theft under $300 is a lesser included offense of theft over $300. *Hagans*, 316 Md. at 437–444, 559 A.2d 792.

*Hagans,* 316 Md. at 447–448, 559 A.2d 792. On the issue presented in that case, whether it was error for the trial judge to instruct the jury on the lesser included offense over the defendant's objection, the Court of Appeals held:

> "The better view, we believe, is that the trial court ordinarily should not give a jury an instruction on an uncharged lesser included offense where neither side requests or affirmatively agrees to such an instruction. It is a matter of prosecution and defense strategy which is best left to the parties. There is no requirement that the jury pass on each possible offense the defendant could have committed. We permit, for example, the State to nolle prosse an offense, and we allow plea bargains. When counsel for both sides consider it to be in the best interests of their clients not to have an instruction, the court should not override their judgment and instruct on the lesser included offense."

*Hagans,* 316 Md. at 455, 559 A.2d 792.

As the above discussion makes clear, *Hagans* deals with a general fact situation: *any* lesser included offense which is supported by the evidence which is not explicitly set forth in the charging document. *Hook,* on the other hand, deals with a slightly different fact pattern: where the charging document contains the lesser included offense, but the prosecutor, for tactical reasons, chooses to nolle prosse that offense.

In *Hook,* the prosecutor, at the close of the evidence and over Hook's objection, entered a nolle prosequi as to second degree murder, leaving the jury to consider only first degree murder. The trial judge, in keeping with precedent granting the prosecutor broad discretion in this area, refused to place any limits on the prosecutor's discretion to nolle prosse particular charges. *Hook,* 315 Md. at 35, 553 A.2d 233.

 The Court of Appeals, while refusing to proclaim an outright ban on the prosecutor's discretion to nolle prosse charges, reversed Hook's first degree murder conviction,

holding that "fundamental fairness" in the trial process required that at least some limitation be placed on the prosecutor's discretion in this context:

> "The rule is, in a capital case, at the request of the defendant, the court shall instruct the jury regarding a lesser included offense when the evidence warrants such an instruction, that is, when the offense is fairly supported by the evidence."

*Hook,* 315 Md. at 41, 553 A.2d 233.[2] The above-quoted language clearly indicates that the analysis under both *Hook* and *Hagans* is the same. The only distinction between the two cases is the factual situation in which they arise: *Hook* arose from a prosecutor's discretion to nolle prosse a lesser included offense, while *Hagans* arose from a trial judge's refusal to instruct on the lesser included offense. In either event, the result is the same: a defendant is placed in an "all or nothing" position in which the jury must choose between outright acquittal and conviction on a charge on which the defendant may not be guilty. The Court of Appeals in *Hook* held that placing a defendant in this predicament, through a nolle prosequi by the prosecutor, "is offensive to fundamental fairness," *Hook,* 315 Md. at 44, 553 A.2d 233. We think that this rationale applies with equal force to the *Hagans* scenario, namely, a trial judge's refusal to instruct the jury on a lesser included offense when that offense is fairly raised by the evidence. We see no reason why the rule or its rationale should turn on whether it was the prosecutor or the trial judge who placed defendant in the "all or nothing" predicament.

If the lesser included offense was never charged, *i.e.,* it does not appear in the charging document, then *Hagans* applies. If, on the other hand, the prosecutor affirmatively seeks to nolle prosse a charged lesser included offense, then

---

**2.** The Court of Appeals in *Hook* also held that the rule applies in noncapital cases. *Hook,* 315 Md. at 43–44, 553 A.2d 233. *See Jackson v. State,* 322 Md. 117, 586 A.2d 6 (1991); *Fairbanks v. State,* 318 Md. 22, 566 A.2d 764 (1989).

*Hook* applies. As appellant in the instant case was never specifically charged with theft under $300, *Hagans,* not *Hook,* provides, at least factually, the governing precedent.[3] Because of the similarities between the two cases, however, we hold that the "fundamental fairness" and "all or nothing" rationales explicated by the Court of Appeals in *Hook* also apply to the *Hagans* scenario.

 In order to comply with the *Hagans/Hook* rule, the trial judge, on the request of either party, must (1) properly instruct the jury on a lesser included offense fairly raised by the evidence; and (2) permit the jury to return a verdict on that offense. We will apply these principles to the instant case.

Here, the trial court instructed the jury on the offense of theft over $300. Defense counsel asked for an additional instruction on theft under $300, stating:

"The next item, your Honor, um, as we discussed in Chambers, I believe that there was evidence in the case from which the jury could determine the value of the object alleged to have been stolen to be less than $300, that testimony specifically being the testimony of Mr. Elbert, I think, who was the purchaser who purchased it for $200. I would therefore ask the Court to give the jury an instruction that—that, uh, allows them to consider that testimony, uh, as evidence of the value of the item in question, so that the jury is free to determine a range of value between 200 and the purchase price, or the value, whatever it was that, uh, Mr. Eaton testified to."

---

**3.** The State also argues in its brief that appellant failed to preserve the *Hook* argument he now makes before this Court. Specifically, the State contends that, because appellant never raised the *Hook* case or its rationale in the trial court, this argument has been waived. As we have concluded that the appropriate case is not *Hook* but *Hagans,* the fact that appellant did not raise *Hook* in the trial court becomes irrelevant. Appellant requested an instruction on the uncharged, lesser included offense which he alleged was generated by the evidence presented in the case. Under *Hagans,* this was clearly sufficient to preserve the issue for our review.

In response to defense counsel's request for an instruction, the trial court stated:

"Again, [defense counsel], I think this is something that counsel can argue. But the Court feels that the instruction that I gave was accurate and is supported by the evidence, and therefore your motion to give an additional instruction on a value of less than 300 is denied."

The jury convicted appellant only of "theft." [4]

In *Hagans*, the Court of Appeals upheld the decision of a trial judge, with the State's agreement, to instruct the jury on an uncharged, lesser included offense. *Hagans*, 316 Md. at 453, 559 A.2d 792. This case presents the flip side of the *Hagans* question: whether a trial judge may properly refuse the defendant's affirmative request for an instruction on an uncharged, lesser included offense. Based on principles of due process touched on by the Court of Appeals in *Hagans*, we hold that such refusal by the trial judge constitutes error.

■ In discussing the history of the lesser included offense doctrine, the Court of Appeals in *Hagans* noted:

"Although the lesser included offense doctrine developed at common law largely for the benefit of the prosecution, it may now also be invoked by the defendant. In *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36

---

4. The announcement of the jury's verdict was not a model of clarity:
 "THE CLERK: Noahvel Alonzo Johnson, raise your right hand, please.
 "Ladies and gentlemen of the jury, look upon the defendant at the Bar. What say you, is he guilty or not guilty of the matter whereof he stands charged: Storehouse breaking?
 "THE FOREMAN: Not guilty.
 "THE CLERK: Storehouse breaking and entering?
 "THE FOREMAN: Not guilty.
 "THE CLERK: *Theft?*
 "THE FOREMAN: *Guilty.*" (Emphasis added)
 As the jury only considered one theft charge, and the evidence as to the value of the property taken was disputed, it is by no means clear from this exchange that the jury concluded that the property was worth over $300. This is exactly the predicament that the Court of Appeals addressed in *Hook*. *Hook*, 315 Md. at 43–44, 553 A.2d 233.

L.Ed.2d 844 (1973), the Supreme Court indicated that not allowing the defendant the right to request an instruction on a lesser included offense might violate the Due Process Clause of the Fifth Amendment of the United States Constitution."

*Hagans*, 316 Md. at 453, 559 A.2d 792 (citations omitted). In light of this holding, to deny the defendant the right to invoke the same doctrine, as the State would have us do here, would be a clear violation of due process. We hold that appellant was entitled to an instruction on the lesser included offense of theft under $300, if there was sufficient evidence to generate a factual question over the value of the goods stolen.

The purchaser of the bike, Michael Elbert, testified he paid Paul Jones $200 for the moped bike. The victim testified he had paid close to $1,000 for the bike two-and-one-half years prior. Both amounts are evidence of value and resolution of the conflict between the two values is for the jury. Since the issue was generated by the evidence, appellant, as discussed *supra*, was entitled, upon request, to (1) have the trial judge instruct the jury on the lesser included offense of theft under $300; and (2) have the jury return a verdict on that charge. Because the trial judge fulfilled neither of these requirements, we will reverse.

The State takes the position that no error occurred since the trial judge permitted appellant to argue that the bike was worth less than $300. The State's argument, however, ignores the fact that the jury was neither instructed nor permitted to return a guilty verdict on theft under $300. We will reverse appellant's theft conviction and remand for a new trial.

## CARRYING A WEAPON OPENLY WITH INTENT TO INJURE

Appellant claims the evidence established that the knife he was alleged to be carrying with intent to injure was a penknife. While the State does not agree that the

weapon was a penknife, it acknowledges that the only evidence presented was that the object was a knife over three inches long. This evidence is insufficient to meet the statutory requirements of Md.Code Ann., Art. 27, § 36(a) (1957, 1992 Repl.Vol.). Specifically, it is unclear whether the knife fell within the statutory exception for penknives without switchblades. The State therefore concedes, and we hold, that appellant's conviction for carrying a weapon openly with intent to injure must be reversed. *Biggus v. State,* 323 Md. 339, 353–54 n. 6, 593 A.2d 1060 (1991); *Washington v. State,* 293 Md. 465, 474–475, 445 A.2d 684 (1982); *Mackall v. State,* 283 Md. 100, 111, 387 A.2d 762 (1978).

## SUFFICIENCY OF THE EVIDENCE

Appellant next argues that "[t]he lower court erred by denying appellant's motion for judgments of acquittal because the evidence was insufficient." He maintains that the State presented insufficient evidence with respect to "the criminal agency of the defendant as being a person who broke the storehouse of Mr. Eaton," who owned the moped. The jury acquitted appellant of the storehouse breaking charge and thus any claim regarding that count is moot. *Baith v. State,* 89 Md.App. 385, 401, 598 A.2d 762 (1991).

To the extent that appellant's claim presents an issue regarding the sufficiency of the evidence on the theft and battery charges, that issue is waived since, at most, appellant made only a general sufficiency argument with respect to these counts. Thus, his claims are not properly before this Court. Rule 8–131(a). In *Brooks v. State,* 68 Md.App. 604, 611, 515 A.2d 225 (1986), *cert. denied,* 308 Md. 382, 519 A.2d 1283 (1987), we held that a motion which merely asserts that evidence is insufficient to support a conviction, without specifying the deficiency, does not comply with Rule 4–324 and thus does not preserve the issue of sufficiency for appellate review.

■ Moreover, the State adduced ample evidence to show that appellant was the person who stole Eaton's moped in the early afternoon of September 12, 1990. Eaton testified that on that date he saw a person pushing his moped across his driveway and down the street. Eaton, who was 81 years old at the time, chased this person and said "let my bike go." At that point, the man threw the bike at Eaton, striking him in the chest, and pulled out a knife. The man then waived the knife at Eaton and said "leave the bike alone, you s.b." Eaton then ran from the man and called the police. Eaton's moped was later recovered at 5:00 p.m. on Earle Avenue.

Mohammed Kahn testified that a man, matching the description Eaton had given of his assailant, abandoned the bike outside his home on Earle Avenue when Kahn approached him. Detective Bailey testified that Eaton identified appellant from a photo array as the man stealing his bike and assaulting him on September 12, 1990.

This evidence, viewed in the light most favorable to the State, was sufficient to allow any rational trier of fact to find that Johnson battered Eaton and stole his moped bike. *Wiggins v. State*, 324 Md. 551, 566–67, 597 A.2d 1359 (1991); *see Eades v. State*, 75 Md.App. 411, 427, 541 A.2d 1001, *cert. denied*, 313 Md. 611, 547 A.2d 188 (1988) (victim's identification of accused as perpetrator of crime was ample evidence to sustain conviction).

JUDGMENT FOR THEFT OVER $300 REVERSED AND REMANDED FOR A NEW TRIAL.

JUDGMENT FOR CARRYING A DANGEROUS WEAPON WITH INTENT TO INJURE REVERSED.

JUDGMENT FOR BATTERY AFFIRMED. COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY TALBOT COUNTY.