586 A.2d 6

**Allan JACKSON, Jr.**

v.

**STATE of Maryland.**

**No. 79, Sept. Term, 1990.**

Court of Appeals of Maryland.

Feb. 25, 1991.

118

Arthur A. DeLano, Jr., Asst. Public Defender, and Stephen E. Harris, Public Defender, Baltimore, on brief, for petitioner.

Mary Ellen Barbera, Asst. Atty. Gen., and J. Joseph Curran, Jr., Atty. Gen., Baltimore, on brief, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ., CHARLES E. ORTH, Jr. and MARVIN H. SMITH, Associate Judges of the Court of Appeals (retired), Specially Assigned, and A. OWEN HENNEGAN, Judge of the Third Judicial Circuit (retired), Specially Assigned.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

I

Justice is the objective of Maryland's judicial process. The process reaches for this objective by seeking the truth. It seeks the truth by means of a fair trial. In our administration of criminal justice, a fair trial is one which is in accord with the organic, statutory and common law to which an accused is subject, either by way of entitlement or obligation.[1] To assure that the laws are not offended, we have followed certain principles, which have become firmly established, and we have adopted, from time to time, appropriate rules.

II

*Hook v. State*, 315 Md. 25, 553 A.2d 233 (1989), and *Fairbanks v. State*, 318 Md. 22, 566 A.2d 764 (1989), are cases in which we recognized the need to temper the principles and rules to assure a fair trial. Both of them involved the right of a prosecutor to enter a nolle prosequi, over objection, to charged lesser offenses included in a greater offense charged. Maryland Rule 4–247(a) provides, in pertinent part:

> The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court.

"The entry of a nolle prosequi is generally within the sole discretion of the prosecuting attorney, free from judicial control and not dependent upon the defendant's consent." *Ward v. State*, 290 Md. 76, 83, 427 A.2d 1008 (1981).[2] The

---

1. We declared in *Crawford v. State*, 285 Md. 431, 451, 404 A.2d 244 (1979), "[T]he right of an accused to a fair trial, although not a perfect trial, is paramount." *See Mack v. State*, 300 Md. 583, 598, 479 A.2d 1344 (1984).

2. For the sharp distinction drawn in Maryland between a nolle prosequi and a stet, *see State v. Moulden*, 292 Md. 666, 673, 441 A.2d 699 (1982). *See also* Md.Rule 4–248.

foundation upon which the decisions in *Hook* and *Fairbanks* rested, however, was our conclusion that the rule allowing prosecutorial choice "is not completely without restraint. The prosecutor's power is not absolute." *Hook,* 315 Md. at 36, 553 A.2d 233, citing *United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979). We declared our belief that

> under the concept of fundamental fairness with respect to a trial in a criminal cause, the broad authority vested in a prosecutor to enter a nolle prosequi may be fettered in the proper circumstances. A case-by-case evaluation is necessary.

*Id.,* 315 Md. at 37, 553 A.2d 233. We built on that foundation by looking to the opinions of the Supreme Court of the United States in *Keeble v. United States,* 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982); and *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). *Hook,* 315 Md. at 38–41, 553 A.2d 233. We concluded that the federal lesser offense rule was that

> in a capital case, at the request of the defendant, the court shall instruct the jury regarding a lesser included offense *when the evidence warrants such an instruction, that is, when the offense is fairly supported by the evidence.*

*Id.* at 41, 553 A.2d 233 (emphasis added). We pointed out that "[t]he seed of the lesser offense rule was planted in *Keeble,* enunciated in *Beck,* explicated in *Evans,* and applied in *Spaziano.*" *Hook* at 41, 553 A.2d 233. We adopted this rule and applied it in *Hook* and then looked beyond it. We considered the matter in the light of the concept of fundamental fairness in the Maryland common law and expanded the federal lesser offense rule to encompass non-capital cases. *Id.* at 43, 553 A.2d 233. We declared:

> When the defendant is plainly guilty óf some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser

included offense, it is fundamentally unfair under Maryland common law for the State, over the defendant's objection, to *nol pros* the lesser included offense. The same rationale ... that supports the Supreme Court rule supports this view. In short, it is simply offensive to fundamental fairness, in such circumstances, to deprive the trier of fact, over the defendant's objection, of the third option of convicting the defendant of a lesser included offense. And if the trial is before a jury, the defendant is entitled, if he so desires, to have the jury instructed as to the lesser included offense.

*Id.* at 43–44, 553 A.2d 233.

In *Hook* we held that the challenged nol pros of the lesser included offense was improper because the evidence warranted a verdict of guilty on that offense, that is fairly supported it. The circumstances in *Hook*, as recounted in *Fairbanks*, 318 Md. at 25–26, 566 A.2d 764 (citation omitted), were that Hook

was charged with the murder of two persons and related offenses. At the close of the evidence, the State entered a nolle prosequi to all counts but first degree premeditated murder. Evidence was presented at trial that Hook was intoxicated at the time the murders were committed; thus, a determination by the jury that he was so intoxicated as to lack the capacity to entertain a specific intent would have precluded a conviction of first degree premeditated murder. Consequently, [Hook] objected to the nolle prosequi of the lesser included offense of second degree murder, arguing that he had a right to have the jury consider that lesser offense. We determined that there was evidence which supported a charge of second degree murder. We found that with the unequivocal evidence that Hook had murdered two persons, the entry of the nolle prosequi left the jury with the "Hobson's choice" to either convict Hook of first degree murder or return a verdict of not guilty.... Thus, we concluded that the entry of the nolle prosequi which removed the lesser included offense of second degree murder from

consideration by the jury enhanced the risk of an unwarranted conviction and denied the defendant a fair trial.

In *Fairbanks,* we reached the same conclusion. Fairbanks was charged with burglary in violation of the common law and Maryland Code (1982 Repl.Vol.), Article 27, § 30(a) (Count 1); misdemeanor breaking and entering in violation of § 31A (Count 2); felony daytime housebreaking in violation of § 30(b) (Count 3); and theft in violation of § 342 (Count 4).

Before the case was submitted to the jury, the prosecutor entered a nolle prosequi to Counts 2 and 4. Fairbanks objected to the nolle prosequi of the misdemeanor breaking and entering charge (Count 2). He argued that he had a right to have that lesser included offense submitted to the jury. The trial judge overruled the objection, stating that the prosecutor had an absolute right to enter the nol-pros. He said that he would permit Fairbanks to argue to the jury that Count 2 was a lesser included offense of burglary, even though the jury would not be permitted to convict on this count because it had been nol-prossed. Fairbanks made no argument to the jury that it could find him guilty of Count 2. Nor did he request a jury instruction with respect to the lesser included nol-prossed count. The jury convicted Fairbanks of burglary and, as a subsequent offender, he was sentenced to twenty-five years' imprisonment.

318 Md. at 24, 566 A.2d 764. We pointed out:

That misdemeanor breaking and entering under § 31A is a lesser included offense of common law or statutory burglary is not disputed. The State also concedes, and we agree, that the evidence before the jury was legally sufficient to convict Fairbanks of either burglary or the lesser included offense of misdemeanor breaking and entering.

*Id.* at 26, 566 A.2d 764. We held:

In the circumstances, we think the refusal of the trial court to permit the lesser included offense of misdemeanor breaking and entering to go to the jury was prejudicial

error under the fundamental fairness concepts delineated in *Hook* that deprived Fairbanks of a fair trial.

*Id.* at 26–27, 566 A.2d 764. We explained:

The entry of the nolle prosequi over the defendant's objection in this case foreclosed the possibility of a guilty verdict of less than burglary. The jury had the singular choice of convicting Fairbanks of burglary under Counts 1 or 3, or finding him not guilty of any crime.

*Id.* at 26, 566 A.2d 764. In other words, the evidence warranted a conviction on the lesser included offense in that it was fairly supported by the evidence. We noted, "That Fairbanks did not request a jury instruction or present argument as to the lesser included offense does not distinguish this case from *Hook.*" *Id.,* 315 Md. at 27, 553 A.2d 233.

## III

### A

The criminal information filed against Allan Jackson, Jr. and one Marshall McNeill by the State's Attorney for Baltimore City charged:

1st count—possession of cocaine with intent to distribute;

2nd count—possession of cocaine;

3rd count—conspiracy to distribute cocaine;

4th count—conspiracy to possess cocaine with the intent to distribute;

5th count—conspiracy to possess cocaine.

The information came to trial before a jury in the Circuit Court for Baltimore City. At the close of all the evidence, defense counsel informed the judge that she understood that the State was nol prossing the second and fifth counts. The State protested, "The State is not nol prossing those." The State's position was that it was simply not allowing

those counts to go to the jury.[3]  Regardless of how the State characterized its action, she objected to it.  She requested that all the counts go to the jury.  Her position was that

> with the State arbitrarily not calling and not doing anything with [counts two and five, concerned with mere possession], it does not allow the jury to consider those lesser included offenses.

She believed that taking the possession counts away from the jury precluded "having a hung jury" or a "compromise verdict."  The judge denied her request.  Only the first, third, and fourth counts were submitted to the jury, and it rendered a verdict of guilty on each of them.

The Court of Special Appeals affirmed the judgments entered on the convictions.  *Jackson v. State,* 82 Md.App. 438, 572 A.2d 567 (1990).  We granted Jackson's petition for the issuance of a writ of certiorari.  He presents one question:

> Did the trial judge err in permitting the prosecution, over objection, to enter nolle prosequi to lesser included offenses?

## B

■ The Court of Special Appeals' summary of the evidence fairly reflects the testimony adduced at the trial.

---

**3.**  This ploy by the State was bootless.  We noted in *Hook v. State,* 315 Md. 25, 34 n. 12, 553 A.2d 233 (1989):

> "A nolle prosequi is simply the prosecution's abandonment of a charging document, count or part of a count. . . .  [I]t need not be couched in any particular language or take any specific form; it is the substance of the prosecutor's action which controls."  *Hooper v. State,* 293 Md. 162, 168, 443 A.2d 86 (1982) (footnote and citations omitted).

The prosecutor here was, in fact, nol prossing the counts no matter how he chose to characterize his action.  Apparently the prosecutor was fearful that if he said he was nol prossing the counts, he would founder on the shoals of *Hook.  See infra.*

On the afternoon of April 20, 1988, Officer Dennis Turman and several other members of the Baltimore City Police Department Drug Enforcement Unit were conducting a drug surveillance at the corner of Stockton and Laurens Streets. Police attention was focused on [Jackson] and an ultimate codefendant named Marshall McNeill. The pattern that repeated itself on several occasions was that, as [Jackson] and McNeill stood on the corner conversing, an individual, exhibiting the physical characteristics of a drug addict, approached the twosome. The suspected customer would first converse with McNeill and then hand over some currency to [Jackson]. While [Jackson] remained on the corner with the customer, McNeill would walk to a nearby open lot where he would remove small objects from a plastic bag. McNeill would return to the corner and turn over a small baggie containing a white substance to the "customer," who would then leave. McNeill and [Jackson] would resume conversation while awaiting the arrival of the next "customer."

*Jackson v. State*, 82 Md.App. at 446, 572 A.2d 567. Officer Turman observed these activities from a "covert vehicle" about 20 feet away. After the second transaction, Turman radioed a description of Jackson and McNeill to the waiting arrest team, which moved in and arrested Jackson and McNeill.

Seized from [Jackson] was $236 from his sock. Also seized was a datebook, a notebook, and a phone/address book. A plastic bag containing 36 baggies of cocaine was recovered from the lot. Upon the approach of the police, McNeill had been seen placing a rectangular-shaped hide-a-key on the top of a meter pole. It was recovered and found to contain 13 small baggies of cocaine.

Expert police testimony described all of this activity as being indicative of drug sales.

*Id.*[4]

Jackson was stimulated by our opinions in *Hook* and *Fairbanks*. But the evidence in his case illustrates circumstances in which the entry of a nolle prosequi to lesser included offenses was proper. The evidence adduced did not fairly support a conviction on the nol prossed counts. The Court of Special Appeals, in upholding the propriety of the nol prosses explained:

> [Jackson] presented no defense evidence at all, let alone any suggesting criminal involvement but at a lower level of guilt. The State's evidence itself generated no plausible intermediate possibility. The defense theory was that [Jackson's] involvement with McNeill and the various third persons was so ambiguous and that his proximity to the drugs found on the lot and in the possession of McNeill was so peripheral that the evidence was not legally sufficient to convict him of anything.

82 Md.App. at 447, 572 A.2d 567. The intermediate appellate court believed:

> Under the circumstances of this case, [verdicts of guilty on the lesser included counts], albeit legally quite proper, would have been irrational.

*Id.* The court opined that the case was not one where the defendant

> was almost certainly guilty of criminal activity in some fashion but where there was legitimate doubt as to the level of his complicity. Under these circumstances, it would have been an affirmative nuisance "to muddy the waters" with unnecessary complications involving intermediate offenses that were only theoretically possible but not realistically plausible.

*Id.* We agree that, in the circumstances of this case, Jackson was not entitled to have the lesser included of-

---

4. Jackson and McNeill were tried together. McNeill joined in Jackson's request that all counts go to the jury. His request was also denied. McNeill, like Jackson, was convicted of all three counts submitted to the jury. He did not appeal.

fenses go to the jury. We are in accord with the Court of Special Appeals that fundamental fairness was not violated by the nolle prosequi of the two possession counts. In the circumstances here, the rationale of *Hook* and *Fairbanks* are in no wise applicable.

## C

█ Jackson interprets *Hook* and *Fairbanks* as holding that if there is legally sufficient evidence for the trier of fact to convict a defendant of the lesser included offense, that offense must go to the jury. As we see his argument, he is referring to the traditional test of evidentiary sufficiency, to wit,

> whether the evidence either shows directly, or supports a rational inference of the facts to be proved, from which the trier of fact could ... be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged.

*Wilson v. State*, 261 Md. 551, 563–564, 276 A.2d 214 (1972). *See Royal v. State*, 236 Md. 443, 448–449, 204 A.2d 500 (1964). Jackson reaches this view by embracing our declaration in *Hook*, 315 Md. at 43–44, 553 A.2d 233, and quoted with approval in *Fairbanks*, 318 Md. at 25, 566 A.2d 764:

> When the defendant is plainly guilty of some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser included offense, it is fundamentally unfair under Maryland common law for the State, over the defendant's objection, to *nol pros* the lesser included offense.

He focuses on the phrase "the evidence is legally sufficient for the trier of fact to convict [the defendant] of either the greater offense or a lesser included offense." He misinterprets the teaching of *Hook*. The phrase he extracts should not be isolated from the opinion as a whole. It is clear from our discussion of the subject that the test is not simply the existence of legally sufficient evidence. Even when there is evidence that would support a finding of guilt of the lesser included offense, the State is not precluded from entering a

nolle prosequi of that offense if, under the particular facts of the case, there exists no rational basis by which the jury could conclude that the defendant is guilty of the lesser included offense but not guilty of the greater offense. Under the facts of this case, there simply was no rational basis upon which the jury could have concluded that Jackson was guilty of the possession count but not guilty of possession with intent to distribute.

## IV

We offer three cautions. The circumstances of the case here decided were that a primary offense and a lesser included offense were charged. The State, over objection, nol prossed the lesser included offense. Our first caution is that our discussion and holding is not to be interpreted as reaching beyond that factual scenario.

Our second caution is that our holdings in *Hook* and *Fairbanks* and the instant case are not to be read as indicating in any way an encroachment on the function of the jury. "[T]he jury's role in the criminal process is essentially unreviewable and not always rational." *Spaziano*, 468 U.S. at 455, 104 S.Ct. at 3159. A jury has power to err, either fortuitously or deliberately, and to compromise or exercise lenity. It, therefore, retains the power to be the final arbiter in the determination of which, if any, of the crimes charged the accused is guilty. *Hoffert v. State*, 319 Md. 377, 385, 572 A.2d 536 (1990), quoting *Mack v. State*, 300 Md. 583, 597, 479 A.2d 1344 (1984). If a jury returns a verdict of guilty on a lesser included offense although the evidence is legally sufficient to sustain a conviction on the primary offense, it may do so. Our function, in the context of *Hook* and *Fairbanks* and the instant case, is to determine, when properly before us, the propriety of a trial judge's withholding from or submitting to the jury a lesser included offense.

Our third caution concerns the breadth of the Court of Special Appeals' analysis of *Hook*. We believe that the tempering of the broad authority vested in the State's

Attorney to enter a nolle prosequi is not as restrictive as appears from an overview of that court's opinion. The opinion's repeated emphasis on the "rare" and "exceptional" circumstances on which *Hook* was decided, the observation that we eschewed a blanket pronouncement limiting the authority of a State's Attorney to enter a nolle prosequi, its statement that the *Hook* "exception" "does not preserve to a defendant a possible 'windfall' of jury confusion or the chance to exploit an otherwise legitimate tactical advantage," 82 Md.App. at 442, 572 A.2d 567, may, from the flavor in which they were advanced, be misleading. We did not intend that *Hook* be "contention-generating," 82 Md. App. at 440, 572 A.2d 567, but neither did we intend that a defendant be unduly hobbled in seeking a fair trial, or that fundamental fairness be unnecessarily curtailed. In short, the *Hook* principle is not so rare as the impression emitted by the Court of Special Appeals, and although by no means a common occurrence, it may be that it can be invoked to assure a fair trial more often than the Court of Special Appeals suggests.

In any event, the answer to the question presented to us, "Did the trial judge err in permitting the prosecution, over objection, to enter nolle prosequi to lesser included offenses," is "No." Therefore,

THE JUDGMENT OF THE COURT OF SPECIAL APPEALS IS AFFIRMED, WITH COSTS.