667 A.2d 161

**Mack Tyrone BURRELL**

v.

**STATE of Maryland.**

**No. 17, Sept. Term, 1995.**

Court of Appeals of Maryland.

Nov. 13, 1995.

Nancy S. Forster, Assistant Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for Petitioner.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, both on brief), Baltimore, for Respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

KARWACKI, Judge.

In this case we return to an issue familiar to this Court: under what circumstances the entering of a nolle prosequi by prosecutors to a charge of a lesser included crime deprives the defendant of the right to a fair trial. We addressed this question in *Hook v. State*, 315 Md. 25, 553 A.2d 233 (1989), where we first clearly enunciated the fairness considerations which create certain limitations on the generally broad discretion of the State to "nolle pros" charges. The case before us does not raise such considerations. We shall hold that the

defendant's right to a fair trial was not denied by the nolle prossing of lesser included charges against him and affirm the ruling of the court below.

## I

Mack Tyrone Burrell, the petitioner, was charged with a number of crimes arising out of a single incident, a holdup of a gas station in Baltimore County.  It is instructive to examine in some detail the specific circumstances of Burrell's involvement in the holdup.  Burrell was convicted in large part on the testimony of a single eyewitness to Burrell's involvement, Christopher Affoon, who happened to be at the gas station at the time of the holdup.  Affoon testified that he noticed a young man, whom he later identified as Burrell, standing at the pay phone and "[w]atching in all direction[s]."  Affoon also testified that he saw a gray station wagon parked near the phone booth, with a woman in front and two men crouched low in the back seat.  After making his purchases and chatting with the attendant, who was a friend of his, Affoon left the attendant's booth and passed the two men he had seen in the back of the gray station wagon, now entering the station. Affoon got back into his vehicle, but realized the station attendant was being robbed by the two men he had just seen enter the station.

At this point Affoon drove his vehicle over to the pay phone where Burrell was still standing with the phone at his ear. Affoon asked Burrell to call the police because "they were robbing the gas station."  Burrell then left the pay phone, got into the driver's seat of the station wagon, and drove away from the gas station.  Affoon followed in his truck, taking down the license plate number of the automobile Burrell was driving, and saw one of the two men he had seen rob the station climb into the back seat of Burrell's car.  Police traced the license plate and tracked down Burrell, who was arrested for participation in the armed robbery at the gas station and charged in six counts with robbery with a deadly weapon, robbery, theft of $300 or over, theft under $300, use of a

handgun in the commission of a felony and use of a handgun in the commission of a crime of violence.

Burrell's defense at trial was that he did not participate in the crime. His evidence consisted of one witness, Jacqueline Anderson, who testified that she and Burrell were alone in the automobile and had stopped at the gas station to make a phone call, and that neither was involved in any way with the crime which occurred at the gas station that day. Burrell did not testify in his own defense. At the conclusion of the presentation of evidence at Burrell's jury trial in the Circuit Court for Baltimore County (Howe, J., presiding), but before the jury was charged, the State entered a nolle prosequi to the robbery and theft under $300 charges; Burrell was subsequently convicted by the jury of robbery with a deadly weapon, theft of $300 or over, and the two handgun charges. The court sentenced Burrell to ten years (with five suspended) for the robbery with a deadly weapon and to a concurrent five year sentence without parole for the use of a handgun in the commission of a felony. The remaining theft and handgun counts were merged.

Burrell turned to the Court of Special Appeals, challenging among other things the State's right to enter a nolle pros of the simple robbery offense over his objection. He argued that the nolle pros infringed on the jury's discretion to evaluate the evidence and convict him of the less serious offense. The Court of Special Appeals, applying *Hook* and its most important variation, *Jackson v. State*, 322 Md. 117, 586 A.2d 6 (1991), held in an unreported opinion that the nolle pros of the less serious offense did not affect the fairness of Burrell's trial and affirmed his convictions. We issued our writ of certiorari to determine whether the State's decision to nolle pros the lesser included charge of robbery, which left the jury with the "all-or-nothing" choice of complete acquittal of the robbery charge or conviction on the more serious charge of armed robbery, violated Burrell's common law right to a fair trial.

## II

Maryland Rule 4–247 provides:

"(a) **Disposition by Nolle Prosequi.**—The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court."

The State's power to enter a nolle prosequi to any charge in a criminal case was thoroughly examined by this Court in *Hook v. State*, 315 Md. 25, 553 A.2d 233 (1989). We recognized our past decisions that " '[t]he entry of a nolle prosequi is generally within the sole discretion of the prosecuting attorney, free from judicial control and not dependent upon the defendant's consent.' " *Id.* at 35, 553 A.2d at 238 (quoting *Ward v. State*, 290 Md. 76, 83, 427 A.2d 1008, 1012 (1981)). Nevertheless, we noted that "[t]he prosecutor's power is not absolute." *Hook*, 315 Md. at 36, 553 A.2d at 238 (citing *U.S. v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)). A paramount consideration is the right of an accused to a fair trial. *Id.* (citing *Crawford v. State*, 285 Md. 431, 451, 404 A.2d 244, 254 (1979)). Therefore, we held that if the right to a fair trial is clearly offended by the State's Attorney's decision to nolle pros a charge, the court may intervene:

> "We believe that under the concept of fundamental fairness with respect to a trial in a criminal cause, the broad authority vested in a prosecutor to enter a nolle prosequi may be fettered in the proper circumstances. A case-by-case evaluation is necessary."

*Hook*, 315 Md. at 37, 553 A.2d at 239.

In *Hook*, the defendant Hook was charged with and had confessed to the robbery and murder of two individuals. Evidence tended to show that he was intoxicated at the time of these crimes. *Hook*, 315 Md. at 34, 553 A.2d at 238. At the close of the prosecution's case-in-chief, the State's Attorney nolle prossed the charge of second-degree murder, over the objections of the defense attorney, and the jury members were given instructions and a verdict sheet which gave them four options: convict or acquit the defendant of first degree murder based on felony murder, or convict or acquit the defendant of first degree murder based on premeditated murder. *Id.* at

36–37, 553 A.2d at 240. Despite the evidence of intoxication, the court refused to instruct the jury that voluntary intoxication could preclude felony murder and mitigate premeditated murder to second-degree murder,[1] because the charge of second-degree murder was withdrawn by the nolle prosequi entry and was thus not before the jury. *Id.* at 37, 239–240. Hook was convicted of first degree murder based on both theories.

On appeal, we granted Hook a new trial. After finding sufficient evidence of intoxication to support a second degree murder verdict, we held that the nolle prossing of the lesser included second degree murder charge and the trial court's resulting refusal to instruct the jury on second degree murder unfairly prejudiced the defendant and tainted the guilty verdicts. Our holding that the convictions were unfair rested in large part on a fundamental premise about the workings of a jury, described succinctly by the United States Supreme Court:

> "Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction."

*Keeble v. United States,* 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973), *quoted in Hook,* 315 Md. at 38, 553 A.2d at 240. In other words, when faced with an "all-or-nothing" choice, a jury would likely convict a clearly culpable defendant of a more serious crime than the evidence truly supports rather than acquit the defendant and allow him to go unpunished for the crimes he *did* commit. Therefore, we ruled that if upon retrial the evidence of Hook's intoxication was again found sufficient to support a charge of second degree murder, the State would be precluded from nolle prossing the lesser included charge. The jury would then

---

1. Under Maryland law, the jury in *Hook* could have found that the voluntary intoxication prevented Hook from having the premeditated and deliberate intent to kill required for a first degree premeditated murder conviction and could have also prevented Hook from having the specific intent to steal required for the underlying felony, robbery, in the felony murder charge.

have another verdict option besides the "all-or-nothing" of complete acquittal or conviction of first degree murder. We then generalized our holding to craft a test for other situations in which the court will preclude the entry of a nolle prosequi to a lesser included offense because a nolle pros would deny the defendant a fair trial:

> "When the defendant is plainly guilty of some offense, and the evidence is legally sufficient for the trier of fact to convict him of either the greater offense or a lesser included offense, it is fundamentally unfair under Maryland common law for the State, over the defendant's objection, to *nol pros* the lesser included offense.... In short, it is simply offensive to fundamental fairness, in such circumstances, to deprive the trier of fact, over the defendant's objection, of the third option of convicting the defendant of a lesser included offense."

*Hook,* 315 Md. at 43–44, 553 A.2d at 243. *See also Fairbanks v. State,* 318 Md. 22, 566 A.2d 764 (1989) (fairness considerations enunciated in *Hook* applied in a non-murder context).

The purpose of the *Hook* test for nolle prossing a lesser included offense is to attempt to prevent jurors from convicting a defendant of the greater offense when they want to convict the defendant of some crime and they have no lesser option. The *Hook* test balances the broad discretion of the State to nolle pros charges with the danger of an unfair jury verdict. By allowing the lesser included charge to go to the jury in some circumstances, the *Hook* rule actually operates to provide a measure of jury control even as it gives the jury wider discretion. The jurors' presumed emotional response to want to convict a defendant who is "plainly guilty" of something is tempered by having an array of plausible verdicts from which to choose, including the verdict which the evidence most clearly supports. In short, giving the jury more discretion rather than less under circumstances similar to *Hook* can be an effective device to assure a fair trial.

When the issue of the State's power to nolle pros arose again two years later, this Court had an opportunity to refine

the rule of *Hook.* In *Jackson v. State,* 322 Md. 117, 586 A.2d 6 (1991), Jackson was charged with cocaine possession and cocaine distribution, among other charges. During the course of a drug surveillance, several police officers witnessed Jackson and another man selling cocaine on several occasions, including witnessing the exchange of "currency" and baggies "containing a white substance." *Id.* at 125, 586 A.2d at 9–10. Over Jackson's objection, the State nolle prossed the possession charges and Jackson was convicted of distribution. The Court of Special Appeals affirmed the conviction. *Jackson v. State,* 82 Md.App. 438, 572 A.2d 567 (1990).

Jackson petitioned this Court for certiorari, arguing that *Hook required* that the jury have the option of convicting him of the lesser included offense of possession as long as the evidence was legally sufficient to support the charge. *Jackson,* 322 Md. 117, 127, 586 A.2d 6, 10 (1991). We rejected his interpretation of the rule we set forth in *Hook.* A rational jury could find Jackson "plainly guilty of some offense," the first step in the Hook test. Moreover, as *Hook* requires, the evidence was certainly legally sufficient to convict him of possession as well as distribution of cocaine. But because the evidence against Jackson so clearly demonstrated that he was *not only* in possession of but was *without a reasonable doubt* distributing cocaine (and Jackson put on no defense, so the evidence was utterly uncontroverted), we agreed with and quoted the opinion of the intermediate appellate court that

"'[u]nder these circumstances, it would have been an affirmative nuisance 'to muddy the waters' with unnecessary complications involving intermediate offenses that were only theoretically possible but not realistically plausible.'"

*Jackson,* 322 Md. at 126, 586 A.2d at 10 (quoting *Jackson v. State,* 82 Md.App. 438, 447, 572 A.2d 567, 571 (1990)).

We then clarified the original *Hook* test for precluding the State's Attorney from nolle prossing a lesser included offense:

"It is clear from our discussion of the subject that the test is not simply the existence of legally sufficient evidence [of the

lesser included offense]. Even when there is evidence that would support a finding of guilt of the lesser included offense, the State is not precluded from entering a nolle prosequi of that offense if, under the particular facts of the case, there exists no rational basis by which the jury could conclude that the defendant is guilty of the lesser included offense but not guilty of the greater offense."

*Jackson,* 322 Md. at 127–8, 586 A.2d at 11. The meaning of our decision in *Jackson* is clear. In considering whether an entry of nolle prosequi to a lesser included offense is unfair to the defendant, it is not enough to determine that the evidence would be sufficient for the jury to convict on that offense; rather, the evidence must also be such that the jury could rationally convict *only* on the lesser included offense. If there is no rational basis for the jury to convict a defendant of the lesser offense without also convicting of the greater offense, the State may use its discretion to withdraw that verdict option from the jury by nolle prossing the lesser included offense.[2]

The rule in *Jackson* is not a renunciation of the *Hook* test, but rather a logical extension of it. In much the same way as the rule in *Hook,* the modified test in *Jackson* works to prevent the jury from convicting the defendant of the wrong charge, but this time by *limiting* rather than expanding the discretion of the jurors. Just as jurors may not want to *acquit* a "plainly guilty" defendant altogether, they also may not want to *convict* a defendant, plainly guilty of the more serious charge, when he appears sympathetic for some reason. If nolle prossing the less serious charge is precluded, the jury may select the option of convicting the defendant of a less

---

2. We cautioned in *Jackson* and do so again here that the holdings in *Hook, Fairbanks,* and *Jackson* do *not* mean that a jury which has both the lesser included and the greater offenses before it *must* convict of the greater offense when the evidence is sufficient to do so. We are merely clarifying the rule under which the judge may limit a State's Attorney's discretion to nolle pros a lesser included charge; thus, "[i]f a jury returns a verdict of guilty on a lesser included offense although the evidence is legally sufficient to sustain a conviction on the primary offense, it may do so." *Jackson,* 322 Md. at 128, 586 A.2d at 11.

serious crime than is warranted by the evidence. Attempting to prevent this type of "compromise" verdict is fair. Justice is no more done when a defendant is wrongly acquitted of a crime than it is when the defendant is wrongly convicted of that crime. As this Court stated recently, "Justice is not a one-way street. 'A fair trial is the entitlement of the "People" as well as of an accused.' " *Whittlesey v. State,* 326 Md. 502, 534, 606 A.2d 225, 240 (1992) (quoting *Gonzales v. State,* 322 Md. 62, 74, 585 A.2d 222, 228 (1991)).

### III

In the instant case, we are asked to review the trial judge's decision to allow the State to nolle pros the simple robbery charge. In order to find that the nolle pros was unfairly prejudicial to Burrell, we must conclude under *Jackson* that the jury could have rationally convicted Burrell of being an accomplice to simple robbery without convicting him of being an accomplice to robbery with a deadly weapon.

Burrell's argument on appeal is that he did not know of or intend the use of a gun in the robbery. Without such knowledge or intent, Burrell claims, he did not have the requisite specific intent to be an accomplice to robbery with a deadly weapon; thus, the jury might indeed have rationally found that he participated in the crime of robbery without finding that he was an accomplice to the crime of robbery with a deadly weapon. Therefore, the argument continues, the trial judge should not have allowed the nolle pros. Based on the evidence at trial, we reject that notion.

We need not reach Burrell's contention on appeal that the jury had evidence to convict him of simple robbery only, for he raised no such defense at his trial. Our sole task is to review whether the evidence *at trial* supported the trial judge's decision to allow the nolle pros of the robbery charge. There was ample evidence at trial for a rational jury to convict Burrell of either participating in the armed holdup at the gas station or, if jurors believed his claims that he was not a participant, to acquit him of the same. Burrell presented only

one witness at trial to contradict the testimony of the eyewitness and the other circumstantial evidence of his role as lookout and getaway driver for the principals in the first degree. He did not take the stand himself. This defense strategy was obviously unsuccessful with the jury, who believed Burrell was present at the scene and offered assistance and encouragement to the men who actually entered the station and accosted the attendant. When the jury found that Burrell had participated in the crime, criminal responsibility attached to the exact extent as it would have to the principals in the first degree.

There was absolutely no evidence at trial, however, from which a rational jury could infer that Burrell was guilty of aiding and abetting a simple robbery only. The gas station attendant testified that a gun was used. The eyewitness said he saw the attendant's hands in the air, from which a jury could infer that the men holding up the station were using a deadly weapon. Burrell did not contest at trial the prosecutor's evidence that a weapon was used in the commission of the crime. Without any contravening evidence tending to disprove the use of a deadly weapon, the only rational inference from the evidence which *was* presented was that an armed robbery, not a simple robbery, had been committed at the gas station that day. The crime to which Burrell was an accomplice was unquestionably an armed robbery. As an accomplice, Burrell bore the same criminal responsibility as the principals in the first degree. Thus, the evidence at trial rationally supported only two choices: a conviction of accomplice to a robbery with a deadly weapon or acquittal.

Once persuaded that Burrell was involved as an accomplice, and with uncontroverted evidence demonstrating that a weapon was used to accomplish the robbery, a rational jury was virtually compelled to convict Burrell as an accomplice to armed robbery. When we apply the *Jackson* test, we find that the trial judge was completely within his discretion in allowing the State to nolle pros the lesser included offense. There was simply no evidence supporting a conviction of the

lesser included offense of robbery without also convicting him of the greater offense of robbery with a deadly weapon.

Entering a nolle pros to the simple robbery charge was not unfairly prejudicial, did not deny Burrell his right to a fair trial, and was properly allowed by the trial judge. A straightforward application of the doctrine of *Hook* and *Jackson* to the facts in the instant case requires that we reject the defendant's argument to the contrary.

*JUDGMENT AFFIRMED; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PETITIONER.*